ALLIED BANK INTERNATIONAL et al., Respondents-Appellants, v FIREMEN'S FUND INSURANCE Co. et al., Appellants-Respondents. [597 NYS2d 69] —Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about February 18, 1992, which granted defendants' motion to set aside the verdict to the extent of directing a new trial on the issue of whether the dishonest acts of plaintiff's employee were the proximate cause of plaintiff's loss, unanimously modified, on the law and the facts, to the extent of vacating

the direction for a new trial on the issue of causation and reinstating the jury verdict in its entirety, and otherwise affirmed, with costs.

Appeal from order, same court, entered on or about November 2, 1992, which denied motions by all of the parties for reargument and reconsideration, unanimously dismissed as nonappealable.

While we agree with the IAS Court that it was not against the weight of the evidence for the jury to find that plaintiff's employee was bribed by plaintiff's customer into committing dishonest acts that enabled the customer to improperly utilize its account with plaintiff, we disagree that it was against the weight of the evidence for the jury to find that such dishonesty was the proximate cause of plaintiff's loss. Contrary to the IAS Court's view of the evidence, a fair interpretation thereof supports findings that the loss occurred while the employee was still in charge of the customer's account and before it was frozen by plaintiff, and that plaintiff did not have enough money on hand to cover the customer's debt.

We have considered all other claims and find them to be of no merit. Concur—Ellerin, J. P., Ross, Asch, Kassal and Rubin, JJ.